IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC 758572, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:19-CV-867-WHA |
| | ) [WO] |
| JOHN BRADLEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. Petitioner states that he seeks to challenge his Baldwin County, Georgia, arrest in 2014 and claims he has been denied a speedy trial because the "Baldwin [County] arrest is a detainer on [him.]" Doc. 1. On review, the court concludes the petition is due to be dismissed for lack of jurisdiction.

### **I. DISCUSSION**

A district court has jurisdiction, under 28 U.S.C. § 2241, over a petitioner's challenge to the terms of his pre-trial detention, including a claim regarding a speedy trial violation. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (noting that pre-trial habeas petitions are governed by § 2241 and that § 2254's provisions do not apply to pre-trial detention). Petitioner must therefore satisfy the jurisdictional requirements of 28 U.S.C. § 2241. As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person

who holds [him] in what is alleged to be unlawful custody."). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate custody*** of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439-440 (1867)).
>
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement — "core challenges" — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).

Considering the above principles, this court lacks jurisdiction over Petitioner's habeas petition. Petitioner is confined at the Sumter County Jail in Americus, Georgia. As such, the district of confinement for Petitioner is the Middle District of Georgia. See 28 U.S.C. § 90(b)(4). The court further notes that Petitioner's conviction record reflects he is serving a term of imprisonment imposed by a Georgia state court. *See https://dcor.state.ga.us/GDC/Offender* (last visited November 15, 2019). Accordingly, under § 2241(d), the only court with jurisdiction to entertain Petitioner's habeas petition is a federal court in Georgia. Because this court lacks jurisdiction under

§ 2241(d), the petition is subject to dismissal and the court finds the "interests of justice" warrant no transfer of this case to a federal court in Georgia.[1] *See* 28 U.S.C. § 1406(a).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for lack of jurisdiction.

It is further

ORDERED that **on or before December 2, 2019**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that  transfer of this action is not in the "interest of justice" given Petitioner's well-documented practice of filing "frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.).

Done, this 18th day of November 2019.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE